Jill Bong
marszinmotion@yahoo.com
PO Box 321,
Days Creek, OR 97429
541-825-3541
Plaintiff, appearing Pro Se

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

JILL BONG,                                    Case No.: 6:25-cv-01245-MC

Plaintiff,

                                              **AMENDED COMPLAINT FOR FIRST
                                              AMENDMENT RETALIATION (42 U.S.C.
v.                                            §1983)**

Tracy Ickes White, an individual;
Denise Fjordbeck, an individual;
Allie Boyd, an individual;
Oregon Department of Justice;
Dan Rayfield in his official capacity as Oregon
Attorney General,

    Defendants.

        This action arises from a coordinated campaign of procedural obstruction, factual

misrepresentation, and retaliatory misuse of legal process executed by Oregon DOJ

attorneys and state officials—including White, Fjordbeck, and Boyd—in response to

Plaintiff's exercise of protected First Amendment rights through litigation.

## **INTRODUCTION**

1.      Plaintiff Jill Bong brings this action under 42 U.S.C. §1983 against Defendant Tracy Ickes

White, Allie Boyd and Denise Fjordbeck in their individual capacities, for retaliating against her

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C.
§1983)**

First Amendment rights. Plaintiff also seeks declaratory and injunctive relief against the Oregon Department of Justice (DOJ) and Attorney General Dan Rayfield to stop the DOJ's unlawful practice of defending individuals in §1983 lawsuits, which has enabled ongoing harm to her rights.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over 42 USC 1983 claim pursuant to 28 U.S.C. §1331.

3.      This Court has no jurisdiction over declaratory and injunctive relief claims against Rayfield and DOJ. See *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984), holding that the Eleventh Amendment prohibits a federal court from ordering state officials to obey state law.

## PARTIES

4.      **Plaintiff Jill Bong**, resides within Douglas County in the state of Oregon.

5.      **Defendants Tracy Ickes White ("White"), Denise Fjordbeck ("Fjordbeck")** and **Allie Boyd ("Boyd")** at all relevant times, acted personally and beyond their respective statutory authorities as Sr. Assistant Attorney General to retaliate against Plaintiff's protected speech.

6.      **Defendant Oregon Department of Justice ("DOJ")** is a state agency that has unlawfully provided legal defense to Brown in her individual capacity, contrary to Oregon law.

7.      **Defendant Dan Rayfield ("Rayfield")**, Oregon Attorney General, is sued in his official capacity as the official responsible for the DOJ's legal policies and practices.

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

## FACTUAL ALLEGATIONS

8.      Plaintiff exercised her First Amendment rights by filing a federal lawsuit in 2023 against multiple defendants, including the Oregon Health Authority ("OHA"), the former Governor Kate Brown ("Brown") and then-Public Health Director of the OHA, Rachael Banks ("Banks") in their individual capacities, alleging constitutional violations tied to OAR 333-019-1030 (vaccine mandate for K-12 employees). The following events outline the retaliation that followed.

9.      Plaintiff's federal lawsuit identified violations of constitutional and civil rights and specifically exposed abuse of power and out-of-scope actions by state actors in their respective actions in the promulgation and enforcement of OAR 333-019-1030 (vaccine mandate for K-12 employees).

### A. Chronology of Events

10.     In March 2023, Plaintiff filed her federal lawsuit against Brown, Banks and others in the U.S. District Court for the District of Oregon (Eugene Division).

11.     Around June 29, 2023, the DOJ approved representation for Banks' individual-capacity §1983 claims against her.

12.     On June 29, 2023, Brown failed to respond to the lawsuit within the required time, leading Plaintiff to file a motion for default judgment on June 30, 2023.

13.     On June 30, 2023, Plaintiff mailed a copy of the default motion to Brown.

14.     On July 6, 2023, the DOJ approved representation for Brown's individual-capacity §1983 claims against her.

15.     Between June 30 to July 14, 2023, Brown notified White of the Plaintiff's mailing of the default motion to Brown.

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

3

16.     On July 19, 2023, White claimed retroactive representation for Brown, thus causing Plaintiff's default denial.

17.     On July 31, 2023, White emailed the court deputy off the record to request an extension, bypassing Plaintiff's ability to object.

18.     Between June 29, 2023 and October 24, 2024, White filed 13 motions for extensions of time (MOETs), compared to her usual 0-2 MOETs in similar cases.

19.     On October 19, 2023, White falsely alleged in court that Plaintiff improperly contacted Brown directly, despite no legal restriction.

20.     On April 8, 2024, White involved appellate attorney Denise Fjordbeck in district court proceedings, causing unnecessary delay and confusion.

### B. Threats to Silence Plaintiff

21.     On October 19, 2023, White argued in court that Plaintiff's mailing of the default notice to Brown was improper, despite this being a standard litigation practice required by court rules.

22.     This baseless argument was intended to discredit Plaintiff and chill her protected speech

23.     These actions caused Plaintiff emotional distress and deterred her from further direct communication with Brown.

### C. Delays and Pretextual Excuses

24.     After Plaintiff filed for default against Defendant Brown on June 30, 2023, White claimed retroactive representation of Brown, thus denying Plaintiff her default, increasing litigation burdens on Plaintiff.

### AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)

25.    Defendant White then filed excessive motions for extensions of time ("MOETs") to delay and obstruct the legal proceedings.

26.    White's excuses for the 13 MOETs—e.g., **two** upcoming *extended* vacations, a heatwave, or no reason at all—were pretextual, as she typically files 0-2 MOETs in other cases.

| Case Name | Total MOETs Filed by White |
|---|---|
| *Bong v. Brown et al.* | 13 |
| *Stanfill El v. Oregon DOT* | 0 |
| *Boyd v. Edwards et al.* | 1 |
| *Larsen v. Miller et al.* | 1 |
| *Tanner v. Phillips et al.* | 2 |

27.    Examining the number of filings and MOETs which White filed into Plaintiff's case (*Bong v. Brown et al.*, 6:23-cv-00417-MTK) also reveals an unusual number of filings as compared to counsels for the other defendants.

| Defendants | Counsel | Number of total claims against these Defendants | Number of filings (excluding MOETs) | Number of MOETs |
|---|---|---|---|---|
| State officials | Tracy Ickes White (AG/DOJ) | 13 | 27 | 13 |
| Public School District officials | Barrett Mesereau (privately retained) | 36 | 6 (+ 2 amended re-filings) | 3 |

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

28.     The stark contrast between Defendant White's filings (13 MOETs, 27 total filings) and those of counsel for other defendants in the same case (3 MOETs, 6 substantive filings) demonstrates that White's conduct was neither routine nor justified by the complexities inherent in this litigation.

29.     Defendant White provided no substantial or legitimate reasons for the majority of her extensions beyond generalized statements of needing more time.

30.     Plaintiff, initially unaware of the cumulative effect and pattern of excessive delays, did not object to many of these motions, inadvertently enabling White to exploit Plaintiff's pro se status through tactical delays.

31.     This comparative disparity clearly indicates intentional procedural abuse rather than legitimate litigation strategy. These delays led to the loss of Plaintiff's key witness, Leta Abel, who died on May 24, 2024.

**D. Procedural Misconduct**

32.     On July 31, 2023, White attempted to secure a MOET via off-the-record email to the court deputy without Plaintiff's knowledge or input.

33.     Around August 21, 2023, during a planning discovery conference, Defendant White improperly instigated another defendant's counsel to file a discovery stay motion purportedly on behalf of all defendants, including White's own clients, without herself filing an official motion or formally joining the motion afterward.

34.     This allowed White to secure another extension of time (MOET) indirectly, bypassing proper procedures and preventing Plaintiff from responding or objecting in the normal course.

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

35.     White's actions violated established procedural rules, exemplifying intentional misuse of the litigation process designed to unfairly disadvantage Plaintiff.

36.     On October 27, 2023, White tried to reclassify Plaintiff's FRCP 72(a) objection as a motion during  stay, adding procedural obstacles.

37.     Defendant White successfully obtained a denial of Plaintiff's default judgment motion against Oregon Health Authority ("OHA") by falsely asserting it was a non-party.

38.     However, a Public Records Request to the OHA confirms that **OHA never requested DOJ representation or defense** in Plaintiff's federal lawsuit, 6:23-cv-00417-MK. (Exhibit A)

39.     The Defendants thus acted without statutory authority under ORS 180.060(1)(d), as no request from OHA to the AG to defend against Plaintiff's case exists.

40.     Defendant White's unauthorized and improper representation of OHA exemplifies additional procedural misconduct and further evidences intentional misuse of litigation processes against Plaintiff.

## E. Improper Attorney Involvement

41.     On April 8, 2023, White assigned appellate attorney Denise Fjordbeck to the case, deviating from DOJ norms and complicating proceedings without justification.

42.     Fjordbeck's appearance forced Plaintiff to expend additional time and resources clarifying Fjordbeck's involvement.

## F. Interference in Related Action

43.     In a separate state declaratory action, Plaintiff subpoenaed Brown, then a private citizen.

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

44.    On February 24, 2024, White objected to the subpoena against Brown, claiming to represent Brown despite her no longer being a state official or employee.

45.    White's objections were unfounded, overbroad, and intended to shield Brown from discovery which may have been relevant to Plaintiff's federal lawsuit.

46.    This interference further exemplifies White's unlawful pattern of obstructing Plaintiff's efforts to hold Brown and the DOJ accountable.

### G. White's Manipulation of Procedural Rules

47.    To obstruct Plaintiff's lawsuit, Defendant White acted on behalf of defendants she did not formally represent, such as by filing motions or conferring on their behalf, despite lacking authority to do so.

48.    Defendant White improperly attempted to confer on extension requests for these defendants, creating unnecessary procedural hurdles.

49.    Further, White attempted to modify Federal Rule of Civil Procedure (FRCP) Rule 12(g), which requires defendants to consolidate defenses into a single motion, to force Plaintiff to address multiple, fragmented motions, increasing her litigation burden.

50.    Defendant White withdrew this attempt only after Plaintiff objected but continued other delay tactics as described above.

51.    These efforts were not standard litigation practices but part of a broader pattern of misconduct designed to hinder Plaintiff's case.

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

**H. White Advanced Arguments on Behalf of a State Agency which has no Record of Requesting Defense**

52.    Pursuant to ORS 180.060(1)(d), the Attorney General may appear to defend any action, suit, matter, cause or proceeding in any court when requested by any state officer, board or commission to protect the interests of the state.

53.    According to a public records request, the Oregon Health Authority has no record of requesting defense from the Attorney General.

54.    Yet, Defendant White appeared in Plaintiff's Federal proceeding, successfully argued that the Oregon Health Authority was not a party to the proceeding and therefore not subject to Discovery.

55.    The Federal court agreed with White denying Plaintiff default and discovery against the Oregon Health Authority.

56.    The Federal court's ruling increased Plaintiff's litigation burdens and caused great emotional distress.

57.    Defendants White, Rayfield and DOJ knowingly participated in the retaliatory acts by unlawfully representing defendants sued in their individual capacities under §1983 without statutory authority.

**I. Fjordbeck: Retaliation by Chilling First Amendment Activity**

58.    In March 2025, appellate attorney Denise G. Fjordbeck, Attorney-in-Charge of Civil Appeals for the Oregon Department of Justice, filed an answering brief in Plaintiff's pending federal First Amendment appeal (Ninth Circuit Case No. 24-7834).

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

59.    In that filing, Fjordbeck expressly incorporated by reference the legal brief submitted by the individual defendants affiliated with Douglas County School District 15 ("DC15")—private individuals connected with a local public body and non-state entity that the Oregon Department of Justice is statutorily prohibited from representing under ORS 180.060.

60.    Fjordbeck incorporated the DC15 individuals' brief not once, but on three separate occasions, adopting their procedural arguments, standing defenses, and opposition to Plaintiff's First Amendment reinstatement relief, despite not being authorized counsel for DC15 or the individuals, and having no statutory authority to advocate on their behalf.

61.    These acts constituted unauthorized representation and misappropriation of state legal resources to defend a non-client in a constitutional rights appeal, further obstructing Plaintiff's access to judicial relief against DC15 and violating the DOJ's scope of authority defined by ORS 180.060.

62.    Fjordbeck's incorporation of the DC15 individual defendants' legal arguments was not merely clerical—it enabled the DOJ to advance a coordinated procedural defense to shield DC15 from constitutional accountability and chilled Plaintiff's protected speech through litigation-based obstruction and delay, despite lacking any legal standing or statutory authority to do so.

63.    These filings materially contributed to the delay and suppression of Plaintiff's First Amendment appeal, caused additional litigation burden, and constitute retaliatory procedural misconduct consistent with the broader pattern described herein.

**J. Retaliation by DOJ Attorney Allie Boyd**

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

64.     On July 1, 2025, despite not yet representing any of the defendants, Boyd contacted

Plaintiff via email, urging Plaintiff to voluntarily dismiss her lawsuit before service had been

completed.

65.      Boyd had not filed any notice of appearance, had not identified which defendants she

allegedly represented, and had no statutory authority under ORS 180.060 or ORS 30.285 to

defend any of the individual-capacity defendants in this action.

66.     In Boyd's second communication, Boyd admitted to not yet representing any defendant

but attempted to have Plaintiff route all communications regarding this case to her (Boyd).

67.     On July 14, 2025, Plaintiff sent Boyd a written request that she refrain from contacting

Plaintiff unless and until she entered a formal appearance on behalf of a defendant.

68.     Despite this boundary, Boyd emailed Plaintiff later that same day, again pressuring

Plaintiff to dismiss the lawsuit. Boyd falsely claimed that she was required to confer with Plaintiff

under UTCR 5.010 and LR 7-1, misrepresenting both state and federal rules.

69.     Boyd's unsolicited contact was not required by rule or law.

70.     Boyd's continued contact after explicit instruction to cease caused Plaintiff emotional

distress, anxiety, and procedural confusion.

71.     Boyd's stated reason for removing the case to this Federal court was so that she could file

a Rule 12(b)(6) motion - a failure to state claim defense available in state court under ORCP

21(A)(1)(h).

72.     Boyd's conduct was unauthorized, outside the scope of statutory authority, and undertaken

under color of state law, in her individual capacity, to increase Plaintiff's litigation burden in

retaliation for Plaintiff's protected activity.

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C.
§1983)**

## II. STATUTORY BACKGROUND

73.    In a declaration while Defendant White filed in the Federal court proceedings, Defendant White cited ORS 30.285(3), and 180.060(2) as the AG's authority for representing Defendant Brown in her individual capacity.

74.    The Attorney General's and DOJ's statutory authority in the relevant sections of ORS Chapter 180 are limited to representing the state and its instrumentalities (i.e. officials in official-capacities).

75.    Personal-capacity lawsuits are not against the state but against the official as an individual.

76.    Current or former state employees sued in their individual capacities are therefore not "state instrumentalities" (*Frohnmayer v. State Acc. Ins. Fund Corp.*, 1982, 61 Or.App. 147, 655 P.2d 1098).

77.    The Legislature's statutory definition is binding (*State v. Couch*, 341 Or. 610, 617 (2006)).

78.    In 1985, the Oregon Legislature removed § 1983 violations from the Oregon Tort Claims Act's ("OTCA") definition of "torts."[12]

79.    ORS 174.010 prohibits this Court from 'insert[ing] what has been omitted'— namely, any mention of individual-capacity defense—in the statute.

80.    ORS Chapter 180 omits individual-capacity defense, that omission is intentional and binding.

81.    Likewise, ORS 30.285 (OTCA) only permits AG legal defense for torts committed within the scope of employment, and §1983 violations are not considered torts under Oregon law, the AG's representation of Kate Brown and Rachael Banks in their individual capacities is unlawful.

---

[1] https://archives.oregonlegislature.gov/ORS_Archives/1983-Chapter-030.pdf
[2] https://archives.oregonlegislature.gov/ORS_Archives/1985-Chapter-030.pdf

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

## CLAIMS FOR RELIEF

**FIRST CLAIM: FIRST AMENDMENT RETALIATION (42 U.S.C. §1983) AGAINST DEFENDANTS WHITE, FJORDBECK AND BOYD**

82.    Plaintiff incorporates all preceding paragraphs as if fully set forth here.

83.    White, Fjordbeck and Boyd intentionally retaliated against Plaintiff's protected speech with threats, delays, and misconduct, actions that would deter a reasonable person from continuing.

84.    White's representation of non-requesting defendants, use of off-record tactics, and threats to discredit and chill Plaintiff's First Amendment activity were not discretionary legal acts—they were unauthorized abuses of process.

85.    Fjordbeck's advancement of legal arguments on behalf of defendant-appellees— outside her statutory authority—was not a discretionary legal act; it was an unauthorized abuse of process intended to chill Plaintiff's First Amendment activity.

86.    Defendant Boyd intentionally retaliated against Plaintiff's protected litigation activity by initiating unsolicited legal contact, pressuring Plaintiff to dismiss the suit, misrepresenting legal rules, and continuing to engage Plaintiff after a no-contact request.

87.    Boyd took these actions without having entered a formal appearance and without statutory authority, in direct response to Plaintiff's protected exercise of the right to petition the government.

88.    These actions were not discretionary acts protected by qualified immunity, as they were undertaken without statutory authority and in retaliation for Plaintiff's protected activity.

89.    Plaintiff's lawsuit was a substantial factor in Defendants' actions, causing Plaintiff emotional distress, costs, and the loss of a witness.

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

90.     The retaliatory conduct by White, Fjordbeck, and Boyd would deter a reasonable person from continuing to pursue litigation.

## SECOND CLAIM: DECLARATORY AND INJUNCTIVE RELIEF AGAINST DEFENDANTS RAYFIELD AND DOJ

91.     Plaintiff incorporates all preceding paragraphs as if fully set forth here.

92.     The DOJ's representation of Brown and Banks in their individual capacities violates Oregon law.

93.     This practice has enabled retaliation against Plaintiff and, if continued, risks further delays and intimidation, as shown by past conduct.

94.     The DOJ may claim authority under ORS Chapter 180, but this statute only permits DOJ or AG representation to the State or its instrumentalities (ie. state employees or officials in their official-capacities).

95.     Defendant Rayfield, as Attorney General, is the final policymaker for the Oregon Department of Justice, responsible for all policies, practices, and attorney authorizations related to representation under ORS 180.060 and ORS 30.285.

96.     Defendant Rayfield, personally or through delegated authority, has approved and ratified the representation of individual-capacity defendants under 42 U.S.C. §1983 despite clear statutory limitations prohibiting such representation.

97.     These approvals occurred repeatedly, including in Plaintiff's federal case, Bong v. Brown, et al., 6:23-cv-00417-MK; and *Boysen v Peacehealth et al.*, 6:23-cv-01229 and *MarcThielman, et al. v. Tina Kotek et al.*, 23-cv-163.

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

98.	The Oregon DOJ, acting under Rayfield's direction, has established a widespread and persistent custom of unlawfully defending individual-capacity §1983 defendants using state resources, absent statutory authority, in violation of ORS 180.060 and ORS 30.285.

99.	This practice has been applied inconsistently, without written policy, and with no meaningful oversight, despite legislative history explicitly excluding §1983 from tort definition since 1985.

100.	Rayfield and DOJ's failure to train or supervise attorneys including but not limited to Defendant White (Sr. Assist AG) and Attorney-in-Charge of the DOJ Appellate Division, Denise Fjordbeck, regarding these statutory limitations—combined with deliberate approval of unauthorized representation—reflects deliberate indifference to constitutional violations arising from procedural retaliation.

101.	These acts, omissions, and policies caused the First Amendment retaliation and procedural harm detailed in this Complaint, and support Monell liability against DOJ and Rayfield in his official capacity.

102.	Despite receiving formal notice and documentation of statutory violations under ORS 180.060 and ORS 30.285, the DOJ and Attorney General Rayfield refused to withdraw from the unauthorized representation of Kate Brown and Rachael Banks in Plaintiff's federal case, or to prohibit Attorney Fjordbeck from continuing to provide legal advocacy on behalf of DC15.

103.	Rayfield's continued authorization of these practices—after assuming office and being presented with statutory analysis, public records evidence, and formal pleadings—constitutes knowing ratification of unconstitutional policy.

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

104.    This institutional ratification underscores DOJ's ongoing role in retaliatory litigation and materially supports Plaintiff's request for declaratory, injunctive, and Monell-based relief to prevent further constitutional harm.

105.    Plaintiff seeks a declaration that the DOJ's and AG's practice of providing §1983 individual-capacity defense is unlawful. Plaintiff further seeks an injunction to stop the DOJ's and AG's practice of providing §1983 individual-capacity defense.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

1.  A declaration that Defendant White retaliated against Plaintiff's First Amendment rights.

2.  A declaration that Defendant Fjordbeck retaliated against Plaintiff's First Amendment rights.

3.  Compensatory and punitive damages from Defendant White, in an amount to be proven at trial.

4.  Compensatory and punitive damages from Defendant Fjordbeck, in an amount to be proven at trial.

5.  Compensatory and punitive damages from Defendant Boyd, in an amount to be proven at trial.

6.  Monetary damages from Defendants Rayfield and DOJ, in an amount to be proven at trial.

7.  A declaration that the Rayfield's and the DOJ's representation of individuals in §1983 individual-capacity lawsuits violates Oregon law.

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

8. A declaration that the Rayfield's and the DOJ's representation of DC15 or DC15-affiliated individuals violates Oregon law.

9. A permanent injunction barring the DOJ and Attorney General Rayfield from providing §1983 individual-capacity representation without legal authority.

10. A permanent injunction barring the DOJ and Attorney General Rayfield from representing individuals or non-state entities without legal authority.

11. Attorney's fees and costs under 42 U.S.C. §1988.

12. Any further relief the Court deems just and proper.

Defendants White's, Rayfield's, and the DOJ's ongoing representation of Kate Brown and Rachael Banks in their individual capacities under 42 U.S.C. §1983, in Plaintiff's federal suit (6:23-cv-00417-MTK), continues—as of the date of this filing—to obstruct and delay Plaintiff's access to judicial relief, and to chill Plaintiff's protected litigation activity.

Separately, Defendant Boyd's knowing and unauthorized use of state legal resources to provide defense for White and Fjordbeck in their individual capacities—without statutory authority—constitutes a further act of retaliation that continues to burden, deter, and suppress Plaintiff's protected litigation. Additionally, Boyd's removal of this case to federal court, undertaken under color of law for the sole purpose of filing a Rule 12(b)(6) motion—a defense equally available under ORCP 21 A(1)(h)—demonstrates a deliberate effort to obstruct litigation and suppress Plaintiff's access to judicial relief. This action constitutes a separate and ongoing act of retaliation in violation of the First Amendment.

Respectfully submitted on July 17 , 2025.                    */s/ Jill Bong*

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

Jill Bong, Plaintiff
PO Box 321, Days Creek, OR 97429
541-825-3541
marszinmotion@yahoo.com

**AMENDED COMPLAINT FOR FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**