IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JILL BONG,

    Plaintiff,

v.

TRACY ICKES WHITE, *an individual,*
*et al.*,

    Defendants.

No. 6:25-cv-01245-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff, proceeding pro se, brings this First Amendment retaliation action against the Oregon Department of Justice and several DOJ attorneys. Not. Removal, ECF No. 1-1 ("Compl."). Plaintiff previously filed "federal litigation (6:23-cv-00417-MTK), which challenged unlawful government conduct during the COVID era." Compl. ¶ 1. The alleged retaliation here stems from these Defendants' legal representation, in Plaintiff's previous actions, of the Defendants there. *See* Compl. ¶ 7 (the DOJ "is a state agency that has *unlawfully provided legal defense* to [former Governor] Brown in her individual capacity, contrary to Oregon law.") (emphasis added). For example, Plaintiff alleges that Defendant Tracy White "claimed retroactive representation for Brown," "emailed the court deputy off the record to request an extension, bypassing Plaintiff's ability to object," "filed 13 motions for extensions of time," "falsely alleged in court that Plaintiff improperly contacted Brown directly," and "involved

1 – OPINION AND ORDER

appellate attorney [and individually named Defendant here] Denise Fjordbeck in district court proceedings, causing unnecessary delay and confusion." Compl. ¶ 11.

Plaintiff alleges that Defendant White violated her First Amendment rights when White "*argued in court* that Plaintiff's mailing of the default notice to Brown was improper. This baseless argument was intended to discredit Plaintiff and chill her protected speech." Compl. ¶¶ 12–13 (emphasis added). White also filed numerous motions for extensions of time, "exploit[ing] Plaintiff's pro se status through tactical delays." Compl. ¶ 21. Plaintiff includes several other examples of alleged retaliation, all in the form of actions White took while representing the defendants in Plaintiff's previous actions. *See* Compl. ¶¶ 23–42 (alleging that White: objected to Plaintiff's subpoena of Brown; "*successfully obtained a denial of Plaintiff's default judgment motion* against Oregon Health Authority;" "improperly instigated another defendant's counsel to file a discovery stay motion;" "assigned appellate attorney Denise Fjordbeck to the case, deviating from DOJ norms and *complicating proceedings* without justification," etc) (emphasis added). Plaintiff alleges that "[t]hese efforts were not standard litigation practices but part of a broader pattern of misconduct designed to hinder Plaintiff's case." Compl. ¶ 42.

As Plaintiff herself summarizes, the gist of this retaliation action is that "Defendants White, Rayfield and DOJ knowingly participated in the retaliatory acts *by unlawfully representing defendants sued in their individual capacities* under § 1983 without statutory authority." Compl. ¶ 48 (emphasis added). Defendants' actions consisted of "*a coordinated procedural defense* to shield [the Defendants in Plaintiff's previous actions] from constitutional accountability and *chilled Plaintiff's protected speech through litigation-based obstruction and delay*, despite lacking any legal standing or statutory authority to do so." Compl. ¶ 54 (emphasis added). "*These filings* materially contributed to the delay and suppression of Plaintiff's First

2 – OPINION AND ORDER

Amendment appeal, *caused additional litigation burden*, and constitute retaliatory procedural misconduct consistent with the broader pattern described herein." Compl. ¶ 55 (emphasis added).

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Plaintiff's claims rely on an incorrect interpretation of § 1983 claims[1] and the legal distinction between claims made against state actors in their individual versus their official capacities. Plaintiff is under the mistaken assumption that DOJ attorneys are prohibited from representing state actors sued in their individual capacities. Regardless of that fatal flaw

---

[1] Plaintiff appears to believe that a § 1983 claim is not a tort claim. If so, Plaintiff is clearly mistaken. *See Health and Hosp. Corp. Marion Co. v. Talevski*, 599 U.S. 166, 179 (2023) (noting that there "is no doubt that the cause of action created by § 1983 is, and was always regarded as, a tort claim.").

3 – OPINION AND ORDER

underlying Plaintiff's claims, all of the Defendants' actions occurred, as demonstrated above, in the course of Defendants' legal representation of other Defendants in Plaintiff's numerous earlier actions. For that reason alone, Defendants are entitled to immunity.

*Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001) is directly on point and controls the outcome here. There, Bly brought an action against state attorneys who represented California state actors in Bly's action against the state. In dismissing Bly's claims with prejudice, the Ninth Circuit held that Bly:

> may not assert claims against Lungren or any [Office of the Attorney General] attorneys sued as Doe defendants for conduct related to litigation duties including the defense of Bly-Magee's prior lawsuit and the defense of this lawsuit. If sued in an official capacity, Lundgren and any OAG attorneys sued as Doe defendants have absolute official immunity. If sued in an individual capacity, Lungren and any OAG attorneys are similarly absolutely immune for conduct during performance of official duties. In either case, Bly-Magee cannot state a claim against Lungren and an any other OAG attorneys for official conduct, and dismissal with prejudice of all such claims is affirmed.

*Bly-Magee*, 236 F.3d at 1018 (internal citations omitted); *see also Read v. Haley*, 2013 WL 1562938, at *9 ("At attorney in the Attorney General's Office is immune from lawsuits for any action he commits while discharging his official litigation-related duties, whether sued in his official or individual capacity." (citing *Bly-Magee*, 236 F.3d at 1018); *see also Yoonessi v. Albany Med. Ctr.*, 352 F. Supp. 2d 1096, 1103 (C.D. Cal. Jan. 10, 2005) ("An attorney in the Attorney General's Office is immune from lawsuits for any action she commits in discharging her litigation-related duties." (citing *Bly-Magee*, 236 F.3d at 1018). Plaintiff's claims cannot survive black letter Ninth Circuit law establishing:

> broadly that government attorneys are entitled to absolute immunity in all civil litigation contexts:
>
> > Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is necessary to assure that advocates can perform their respective functions without

> harassment or intimidation. Given the similarity of functions of government attorneys in civil, criminal and agency proceedings, and the numerous checks on abuses of authority inherent in the judicial process, we reiterate our statement in *Flood* [*v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976)] that "the reasons supporting the doctrine of absolute immunity apply with equal force regardless of the nature of the underlying action."

*Stapley v. Pestalozzi*, 733 F.3d 804, 810 (9th Cir. 2013) (cleaned up, internal citations omitted).

While Plaintiff is correct in arguing that such absolute immunity does not extend to actions "that are wholly unrelated to or outside of their official duties," *Bly-MaGee*, 236 F.3d at 1016, Plaintiff's Complaint clearly establishes that all the actions of these Defendants related to their representation of state actors named as defendants in Plaintiff's previous civil actions.[2] Stated differently, Plaintiff's Complaint confirms that the actions here merely consist of government attorneys doing their jobs; i.e., representing state employees and agencies in active litigation. Therefore, Plaintiff's claims necessarily fail.[3] *See Read*, 2013 WL 1562938, at *9 (confirming government attorney who allegedly falsified the record in an administrative hearing entitled to absolute immunity because the acts were "performed while discharging his official duties as a Senior Assistant Attorney General.").[4]

---

[2] For example, in her Response, Plaintiff argues the Defendant "White engaged in extensive litigation-related obstruction in response to Plaintiff's protected First Amendment activity, including the filing of a federal civil rights lawsuit" and Defendant Fjordbeck engaged in "unauthorized procedural suppression of Plaintiff's appeal . . . ." Resp. 4; ECF No. 22. Later, Plaintiff confirms that her claims rely on "unauthorized filings [in ongoing Court proceedings], ghost representation [in ongoing Court proceedings], and retaliatory misuse of process [in ongoing Court proceedings]. Resp. 16. Plaintiff also confirms that Defendants' actions providing legal services in the underlying § 1983 actions "form[] a central component of the retaliatory conduct alleged." Resp. 19. Plaintiff has pleaded and argued herself out of court.

[3] As Plaintiff's First Amendment claims fail, her *Monell* claim suffers the same fate. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (*Monell* claim requires underlying constitutional violation).

[4] Additionally, even assuming these Defendants were not entitled to absolute immunity, they would quite clearly be entitled to qualified immunity. Plaintiff does not, and indeed cannot, point to any clearly established authority holding government attorneys liable merely for defending state actors or agencies in civil litigation. In fact, Plaintiff goes so far as to argue that "the legal authority at issue–whether the DOJ can represent any official in a personal-capacity § 1983 case at all–*has never been litigated or decided*." Resp. 14 (emphasis added). However, because Plaintiff's claims are clearly barred, the Court need not reach Defendants' preclusion or standing arguments (though, at first glance, those arguments appear to have merit).

5 – OPINION AND ORDER

## CONCLUSION

Because Defendants are entitled to absolute immunity from Plaintiff's claims, Defendants' Motion to Dismiss, ECF No. 17, is GRANTED. This action is DISMISSED, with prejudice. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 4th day of August 2025.

                                             /s/ Michael McShane
                                             **Michael J. McShane**
                                             **United States District Judge**